**UNITED STATES of America,
Government–Appellant,**

v.

**Marion FRAMPTON, Defendant–
Appellee.**

**Docket No. 01–1487.**

United States Court of Appeals,
Second Circuit.

May 22, 2002.

Barbara D. Cottrell, Esq., U.S. Attorney's Office, Northern District of New York, Albany, NY, for Government–Appellant.

Paul J. Evangelista, Esq., Federal Public Defender, Albany, NY, for Defendant–Appellee.

Present JAMES L. OAKES, and ROBERT A. KATZMANN, Circuit Judges, and J. GARVAN MURTHA,[1] District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

The United States appeals the decision of the District Court to suppress a firearm seized from defendant Marion Frampton on the grounds that the firearm was seized during a detention of the defendant that violated the Fourth Amendment. Possession of the suppressed firearm is the basis for this prosecution pursuant to 18 U.S.C. § 922(g), 924(a)(2), and we review the suppression of evidence at this time pursuant to 18 U.S.C. § 3731.

After careful consideration of the arguments advanced by both parties, we affirm the District Court's suppression of the weapon substantially for the reasons stated in the District Court's thoughtful Memorandum Decision and Order dated August 29, 2001. We note that the factors cited by the government as providing a basis for probable cause, even when viewed in tandem, see U.S. v. Arvizu, 534 U.S. 266, 122 S.Ct. 744, 751–52, 151 L.Ed.2d 740 (2002), do not provide such a basis. None of the factors pointed to by the government here (unlike in Arvizu) relate to the defendant's behavior.[2] In the words of the District Court, "there was nothing about Defendant's demeanor or his behavior sufficient to warrant a reasonable suspicion that Defendant [was], ha[d] been, or [was] about to be engaged in criminal activity." The factors relied upon by the government amount to little more than guilt by reputation and association, and do not amount to "a reasonable, particular suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).

The judgment of the district court is AFFIRMED.

---

1. The Honorable J. Garvan Murtha, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

2. The government does point to the law enforcement officer's impression that the defendant was being overly polite as a factor supporting a probable cause finding. However, a careful review of the officer's testimony reveals that the behavior that the officer deemed overly polite occurred only after the officer had detained the defendant by retaining the defendant's driver's license while running file checks.